UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civ. No. |
| v. | ) |
| ALON USA, LP, | ) |
| Defendant. | ) |

# COMPLAINT

1. Plaintiff United States, through its Attorney General and on behalf of the Administrator of the U.S. Environmental Protection Agency, brings this civil enforcement action against Defendant Alon USA, LP for violations of the Clean Air Act ("Act") at one of the company's petroleum refineries; for those violations, Plaintiff seeks both civil penalty and injunctive relief.

2. Defendant owns and operates a petroleum refinery located in Big Spring, Howard County, Texas. Through process units that are part of that refinery, Defendant produces various petroleum products along with emissions of pollutants to the air, including some hazardous air pollutants.

3. At the Big Spring refinery, as is the case for the owner or operator of any other such refinery, Defendant must account for, control, and limit emissions of various pollutants in order to operate lawfully under the Clean Air Act and regulations promulgated thereunder. Defendant violated at least two types of Clean Air Act requirements at this refinery:

    (A)    Required identification, measurement, and reporting on benzene, a substance with carcinogenic properties that is regulated, pursuant to Section 112(e) of the Clean Air Act, 42 U.S.C. § 7412(e), under a National Emissions Standard for the Hazardous Air Pollutant benzene (40 C.F.R. Part 61, Subpart FF, a/k/a the "Benzene Waste NESHAP"); and

    (B)    Required detection and repair of leaking refinery components – valves, pumps, connectors, and the like – regulated, under Sections 111 and 112 of the Clean Air Act, 42 U.S.C. § 7411 and 7412, under Leak Detection and Repair Regulations; that include, *e.g.*: Title 40 C.F.R. Part 60, Subparts VV and GGG (for leaks of volatile organic compounds) and Title 40 C.F.R. Part 63, Subpart H (for leaks of hazardous air emissions).

4. Under Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), the United States seeks orders from this Court imposing an appropriate civil penalty on Defendant for these violations, along with injunctions against Defendant appropriate to securing and assuring Defendant's compliance at this refinery with these provisions of the Act.

### DEFENDANT AND ITS REFINERY AT BIG SPRING, TEXAS

5. Defendant owns and operates the petroleum refinery located in Big Spring, Howard County, Texas, at the intersection of Interstate 20 and Refinery Road.

6. Defendant's refinery is capable of refining tens of thousands of barrels of petroleum each day – and in fact does so, with a current refining capacity of 73,000 barrels per day.

7. Defendant's refinery is a:

    (A)    "Major emitting facility" (a/k/a "major source") within the meaning of Section 169(1) of the Act, 42 U.S.C. § 7479(1);

    (B)    An "affected facility" within the meaning of the Act's New Source Performance Standards ("NSPS"), 40 C.F.R. Parts 60 and 63; and

    (C)    Collection of process units within the meaning of the Act's NSPS and NESHAP regulations.

## JURISDICTION AND VENUE

8.    Defendant:

    (A)    Is and has been a "person" as defined in Section 302(e) of the Act, 42 U.S.C. § 7602(e), and the applicable regulations.

    (B)    Is and has been the "owner or operator" of the Big Spring refinery, as defined in Section 111(a)(5) and 112(a)(9) of the Act, 42 U.S.C. §§ 7411(a)(5), 7412(a)(9), at all times relevant to this Complaint, including up through the present day; and

    (C)    Conducts business day in and day out in this State and in this judicial district through its ownership and operation of the Big Spring refinery.

Accordingly, this Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this action. 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, 1355.

9.    Venue is proper in this judicial district under Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b), (c), 1395(a), because the Northern District of Texas is where the Big Spring refinery is located and where Defendant has its principal place of business.

10. Under Section 113(b) of the Act, 42 U.S.C. § 7413(b), Plaintiff may seek appropriate injunctions to restrain violations by persons such as the Defendant and also seek civil penalty from the Defendant on account of those violations.

### COUNT ONE
### (Violations of 40 C.F.R. Part 61, Subpart FF: Benzene Waste NESHAP)

11. Paragraphs 1 - 10 are re-alleged here.

12. Section 112(b) of the Act designates benzene as a hazardous air pollutant. 42 U.S.C. § 7412(b); 42 Fed. Reg. 29332 (June 8, 1977).

13. Section 112 of the Act calls for EPA to establish emission standards for hazardous air pollutants at a level which, in EPA's judgment, provides an ample margin of safety to protect the public health. 42 U.S.C. § 7412.

14. Under Section 112 of the Act, EPA promulgated the Benzene Waste NESHAP, 40 C.F.R. Part 61, Subpart FF, to address benzene.

15. Owners or operators of petroleum refineries must comply with the Benzene Waste NESHAP. 40 C.F.R. § 61.340(a).

16. The Benzene Waste NESHAP requires, among other things, that:

   (A) Sampling undertaken for the Benzene Waste NESHAP requirements must minimize loss of benzene to the atmosphere by following all applicable procedures specified in Title 40 C.F.R. § 61.355 (Test methods, procedures, and compliance provisions), including in particular Section 61.355(c)(3); and

   (B) Each waste stream subject to the Benzene Waste NESHAP must be identified in records maintained at the facility. 40 C.F.R. § 61.356(b) (Recordkeeping requirements); and

    (C)  That benzene present in refinery wastewater must be summed, a value known as total annual benzene ("TAB") for that wastewater. If the TAB is over 10 Mega-grams (Mg) per year, the refiner is required to implement certain more stringent benzene controls than those required if the TAB is less than 10 Mg/year.

  17.  In the course of benzene sampling work undertaken at its Big Spring refinery in at least 2004 and for some time thereafter, Defendant violated the sampling procedures of Title 40 C.F.R. § 61.355, including Defendant's failing to secure representative samples of the waste streams sampled. 40 C.F.R. § 61.355(c)(3)(i).

  18.  Defendant's violation of Title 40 C.F.R. § 61.355 resulted in the under-measurement and under-reporting of benzene in violation of the Benzene Waste NESHAP.

  19.  In the course of the work undertaken at its Big Spring refinery during 2004 and for a number of years thereafter, Defendant violated Title 40 C.F.R. § 61.356(b) (recordkeeping requirements) by failing to identify each waste stream or maintain records (or both) as to each stream governed by the Benzene Waste NESHAP.

  20.  In addition, Defendant's violations of Title 40 C.F.R. § 61.356(b) resulted in the under-measurement and under-reporting of benzene subject to the control or other requirements of the Benzene Waste NESHAP.

  21.  Also, because Defendant under-measured and under-reported the amount of its benzene wastes, Defendant failed to establish that its TAB was less than 10 Mg/year, in violation of Title 40 C.F.R. § 61.342, thereby subjecting Defendant's refinery to standards set by subparagraphs (b) and (c) of Title 40 C.F.R. § 61.342 (Standards: General), standards with which defendant did not comply during the time of violation alleged for this count of the Complaint.

22.     Plaintiffs may pursue violations of Section 112 of the Act, 42 U.S.C. § 7412, and regulations promulgated under it for both civil penalty and injunctive relief.  42 U.S.C. § 7413(b).

23.     For each violation of each element of the Benzene Waste NESHAP, Defendant should be penalized as follows: for violations occurring on or before March 15, 2004 a sum not to exceed $27,500 per violation per day; for those occurring between March 15, 2004 and January 12, 2009, a sum not to exceed $32,500 per violation per day; for those occurring between January 13, 2009 and November 2, 2015, a sum not to exceed 37,500 per day, and for violations after November 2, 2015, a sum not to exceed $95,284 per violation per day.  42 U.S.C. 7413(b); 40 C.F.R. § 19.4; 82 Fed. Reg. 3633 (Jan. 12, 2017).

## COUNT TWO
### (Violations of LDAR Regulations Applicable to Big Spring Refinery Process Units)

24.     Paragraphs 1 -10 are re-alleged here.

25.     Under Sections 111 and 112 of the Act, 42 U.S.C. § 7411 and 7412, the Administrator of EPA also has promulgated regulations setting other emission standards for volatile organic compounds (VOCs) that are found at petroleum refineries, including at Defendant's Big Spring refinery.

26.      At times relevant to the violations alleged in this count of the complaint, among regulatory requirements that imposed VOC-related emission standards on one or more of the process units compromising Defendant's refinery were these:

> (A)     Title 40 C.F.R. Part 60, Subpart VV (Standards of Performance for Equipment Leaks of VOC in the Synthetic Organic Chemicals Manufacturing Industry);

      (B)      Title 40 C.F.R. Part 60, Subpart GGG (Standard of Performance for Equipment Leaks of VOC in Petroleum Refineries); and

      (C)      Title 40 C.F.R. Part 63, Subpart H (National Emission Standards for Organic Hazardous Air Pollutants for Equipment Leaks).

27. These regulatory requirements are referred to hereafter, in aggregate, as the Leak Detection and Repair Regulations, or "LDAR" for short.

28. In general, the LDAR regulations define the term "equipment" and require an owner or operator to monitor this equipment by means of a hand-held device capable of detecting VOCs. *See, e.g.*, 40 C.F.R. §§ 60.481, 60.485(b) and Appendix A-7, Method 21. If VOCs above a certain threshold concentration are detected, the owner or operator must undertake certain steps to repair the leak and re-monitor it to ensure it is sealed. *See, e.g.,* 40 C.F.R. § 60.482-2(b), (c).

29. Under the LDAR Regulations, Defendant must correctly apply a specified technique – Reference Test Method 21, 40 C.F.R. Part 60, Appendix A-7 – to detect VOC leaks that can arise in the thousands of valves, pumps, and other components that make up portions of those refinery process units governed by one or more of the LDAR Regulations.

30. Correct use of Reference Test Method 21 includes, among other things, specified calibration of the instrument to be used for measuring for VOC leaks, specified placement and positioning of that instrument relative to the valve or other component to be tested for leaks, and a minimum amount of time that such instrument should be placed or positioned at or near the component being tested for leaks.

31. During at least most of the months comprising 2004, Defendant or its agent attempted to perform Reference Test Method 21 in order to attempt detection of VOC leaks from

various components found on process units governed by the LDAR regulations. But Defendant or its agent failed repeatedly to perform the reference test method as required.

32. By failing to perform Reference Test Method 21 as required, Defendant:

(A) Violated the LDAR Regulations, including, *e.g.*, Title 40 C.F.R. §§ 60.482-1 through 60.482-10 (leaks from pumps, compressors, valves, and other equipment) (Subpart VV), and/or §§ 63.162 through 63.174 (Subpart H); and § 60.485 (testing to determine the presence of leaking sources) (Subpart VV), and/or § 63.180 (Subpart H); and §§ 60.486 and 60.487 (Subpart VV) (maintaining records and compliance reporting), and/or §§ 63.181 and 63.182 (Subpart H); and/or § 60.592 (Subpart GGG) (incorporating requirements of Subpart VV).

(B) Under-measured frequency and extent of VOC leakage; and

(C) Failed to detect leaks that Defendant should have.

33. By failing to detect those leaks it should have found, Defendant necessarily also violated the LDAR Regulations by failing to repair those leaks on the schedules provided by the LDAR Regulations, including, *e.g.,* requirements set by Title 40 C.F.R. § 60.482-2(b) (repair of leaking pumps), § 60.482-4(a)-(b) (repair of leaking pressure relief valves), and § 60.482-7(d) (repair of leaking valves), among other regulatory requirements for repairs to leaking equipment. *See also*, 40 C.F.R. §§ 63.163(c), 63.165(b) and 63.168(f); 40 C.F.R. § 60.592.

34. Defendant's failures to detect and to repair VOC leaks as required by the LDAR Regulations took place at a number of the refinery's process units, including at least these four: Fluid Catalytic Cracking Unit, Fuel Gas Treater Unit, Diesel Hydrotreater Unit, and the Aromex Unit.

35. Plaintiff may pursue violations of Sections 111 and 112 of the Act, 42 U.S.C. §§ 7411 and 7412, and regulations promulgated thereunder, which may be enforced by civil action under Section 113(b) of the Act, 42 U.S.C. § 7413(b), for both civil penalty and injunctive relief.

36. For each violation of leak detection and repair Defendant should be penalized as follows: for violations occurring on or before March 15, 2004 a sum not to exceed $27,500 per violation per day; for those occurring between March 15, 2004 and January 12, 2009, a sum not to exceed $32,500 per violation per day.  42 U.S.C. § 7413(b) and 40 C.F.R. § 19.4.

**PRAYER FOR RELIEF**

37. Therefore, the United States seeks orders from this Court:

(A) Confirmation of Defendant's compliance at the Big Spring refinery with both the National Emissions Standards for a Hazardous Air Pollutant and the LDAR Regulations – including Defendant's performance of all measures prudent to assure sustained, continued compliance;

(B) Imposition of a judgment of civil penalties against Defendant not to exceed the maximum allowed by applicable law as described in this Complaint; and

(C) Imposition in favor of the United States of such additional relief as appropriate.

Respectfully submitted,

BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

s/ Thomas A. Mariani, Jr.
THOMAS A. MARIANI, JR.
NY Bar Regis. No. 2003374

 Environmental Enforcement Section
 Environment and Natural Resources Division
 U.S. Department of Justice
 P.O. Box 7611, Ben Franklin Station
 Washington, D.C. 20044-7611
 Phone: (202) 514-4620
 Fax: (202) 514-0097
 Email: tom.mariani@usdoj.gov

<u>Of Counsel</u>:

John Fogarty
U.S. EPA Office of Civil Enforcement
Washington, D.C.

Lorraine Dixon
U.S. EPA Office of Regional Counsel
Dallas, Texas